# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON, | CASE NO. 1:10-cv-00759-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| R. HANSEN, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement and Standard**

      Plaintiff Thomas John Carlson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Plaintiff's Eighth Amendment Medical Care Claims

### A.     Summary of Allegations

Plaintiff, who is incarcerated at Pleasant Valley State Prison in Coalinga, brings this action against Defendants Hansen, Igbinosa, Alexander, Howerton, Felton, Madrid, O'Brian, Worth, Newton, Rodriguez, Alavara, Vega, and Does 1 through 11 for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution.

On August 27, 2008, Plaintiff blacked out while standing in his cell and fell, injuring his back, leg, and ankle.  The next morning, Plaintiff began attempting to obtain medical care for his injuries.  Despite his attempts, Plaintiff was not seen by medical staff until September 12, 2008, at which time Dr. Diep ordered x-rays.  Plaintiff was diagnosed with a broken fibula and his leg was placed in a full cast.  Plaintiff seeks relief based on the period between August 28, 2008, and September 12, 2008, during which he was denied medical treatment for his broken leg and other injuries.

///

///

**B.     Legal Standard**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

**C.     Linkage Deficiencies**

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need, Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000), and a broken leg certainly qualifies as such a need.  However, Plaintiff fails to sufficiently link the named defendants to the failure to respond to his requests for medical care.

Although lengthy, Plaintiff's complaint largely consists of conclusory allegations and legal arguments.  Plaintiff relies heavily on his voluminous exhibits to support his claims, but although they are incorporated by reference very generally, many of the exhibits cited to do not support a link between the violation of Plaintiff's rights and each defendant.  For example, Plaintiff alleges that Defendant Alavara violated his rights and Plaintiff cites to a series of exhibits in support of this claim. (Doc. 1, Comp., court record p. 30.)  However, Exhibits 1, 1A, 2, 3, 4, and 8 do not clearly

///

link Defendant Alavara to the violation of Plaintiff's rights and it is unclear how they are relevant to Defendant Alavara's involvement.

The Court will not undertake to extract from almost two hundred pages of exhibits the facts necessary to establish the requisite linkage between the violations at issue and each named defendant. While Plaintiff may support his claims with exhibits, he is not required to do so and if he chooses to do so, the inclusion of those exhibits does not relieve Plaintiff of his duty to set forth factual allegations linking each defendant to the actions or omissions which he believes demonstrate a violation of his rights. Based on the nature of Plaintiff's claims, he should be able to amend to cure the linkage deficiencies and state a claim at least against those defendants who had personal knowledge of his medical condition but failed to ensure that he was seen by medical staff for treatment.

With respect to those defendants holding supervisory positions, Plaintiff must demonstrate that they *personally* participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

To the extent that some individuals were involved only in responding to Plaintiff's inmate appeals after the fact, Plaintiff is notified that generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d

1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Plaintiff should take note that if his claims are based on the denial of medical care between August 28, 2008, and September 12, 2008, as he alleges, involvement in responding to Plaintiff's appeals after September 12, 2008, provides no basis for liability.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 in light of Plaintiff's failure to sufficiently link the named defendants to the actions and omissions at issue. The Court will provide Plaintiff with the opportunity to file an amended complaint curing those deficiencies which Plaintiff believes, in good faith, are curable. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). While it is permissible for Plaintiff to name Doe defendants, the requirement that Plaintiff demonstrate the personal involvement of each defendant extends to Does. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissal of Doe appropriate if complaint failed to state a claim against him). The Court must be able to ascertain their involvement and identify any cognizable claims against them, as Plaintiff is required to amend to substitute their identities once he is able to do so.

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

///

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed April 30, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 18, 2011**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE