# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON, | Case No. 1:10-cv-00759-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF SCREENING ORDER, WITH PREJUDICE |
| v. | |
| R. HANSEN, et al., | (Doc. 45) |
| Defendants. | |

Plaintiff Thomas John Carlson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2013. This action is proceeding on Plaintiff's second amended complaint, filed May 4, 2012, against Defendants Worth, Newton, Rodrequez, Alavara, Vega, Monroy, Angulo, Madrid, and O'Brian ("Defendants") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.  28 U.S.C. § 1915A.

On May 28, 2013, Plaintiff filed a motion seeking reconsideration of the screening order dismissing Defendants Howerton and Felton for failure to state a claim, filed on September 24, 2012.  Defendants did not file a response and the motion has been submitted upon the record without oral argument.  Local Rule 230(*l*).

Plaintiff's mere disagreement with the screening order is not grounds for relief.  *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987).  However, based on Plaintiff's attachment of documents he obtained through discovery, the Court construes Plaintiff's motion as seeking relief

1  pursuant to Federal Rule of Civil Procedure 60(b)(2), which allows for relief based on newly
2  discovered evidence.  To prevail on a Rule 60(b)(2) motion, Plaintiff must show (1) the evidence
3  existed at the time of the order from which he seeks relief, (2) the evidence could not have been
4  discovered through due diligence, and (3) the evidence is of such magnitude that production of it
5  earlier would have been likely to change the disposition.  *Jones v. Aero/Chem Corp.*, 921 F.2d
6  875, 878 (9th Cir. 1990).

7  In dismissing Defendants Howerton and Felton from the action, the Court found Plaintiff's
8  conclusory allegations that they reviewed his CDCR-7362 health care request forms were
9  insufficient to support a claim that they acted with deliberate indifference toward his medical
10 needs; and prior to dismissing them, the Court provided Plaintiff with not one but two
11 opportunities to amend.  (Doc. 24, Screening Order, 2:4-10; Docs. 12, 14.)  Plaintiff's attachment
12 of the "Access to Primary Care" policy, which he obtained through discovery after the screening
13 order was issued, does not alter the Court's conclusion nor does Plaintiff's attachment of various
14 request forms.  (Doc. 45, Motion, pp. 12-26.)

15 In particular, the "Inmate Request for Interview Form" submitted by Plaintiff supports the
16 Court's conclusion.  (*Id.*, p. 26.)  The note written by Defendant Howerton stated she sent
17 Plaintiff's request to Chief Medical Officer Igbinosa for review and disposition, an action which
18 does not demonstrate deliberate indifference toward Plaintiff's medical needs.  *Farmer v.*
19 *Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994).  Finally, Defendant O'Brien's interrogatory
20 response that she informed Howerton that Plaintiff had complained of pain is insufficient to
21 support Plaintiff's motion for reconsideration.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285
22 (1977); *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113,
23 1122 (9th Cir. 2012).  (Motion, 9:2-3.)

24 ///
25 ///
26 ///
27 ///
28 ///

The Court finds that the newly discovered evidence submitted by Plaintiff is not of such magnitude that had it been presented earlier, the Court would not have dismissed Defendants Howerton and Felton for failure to state a claim. *Jones*, 921 F.2d at 878.  Accordingly, Plaintiff's motion for reconsideration of the screening order, based on newly discovered evidence, is HEREBY DENIED, with prejudice.  Fed. R. Civ. P. 60(b)(2).

IT IS SO ORDERED.

Dated:   **November 5, 2013**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

3