# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON, | Case No. 1:10-cv-00759-LJO-SKO PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, DIRECTING CLERK'S OFFICE TO FILE THIRD AMENDED COMPLAINT, AND DIRECTING DEFENDANTS TO FILE RESPONSE WITHIN THIRTY DAYS |
| v. | |
| R. HANSEN, et al., | |
| Defendants. | |
| | (Docs. 43 and 44) |

Plaintiff Thomas John Carlson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2010. This action is proceeding on Plaintiff's second amended complaint, filed May 4, 2012, against Defendants Worth, Newton, Rodriquez, Vega, Monroy, Angulo, Madrid, and O'Brien ("Defendants") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution. 28 U.S.C. § 1915A.

Pursuant to the scheduling order, the deadline to amend the pleadings was August 12, 2013. Plaintiff filed a timely motion to amend on May 28, 2013. Fed. R. Civ. P. 15(a). Defendants did not file a response and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)

(quoting Fed. R. Civ. P. 15(a)). Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951. However, the factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend,'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)), and absent prejudice or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend, *C. F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)) (quotation marks omitted), *cert. denied*, 132 S.Ct. 1566 (2012).

Plaintiff's unopposed motion to amend was timely filed and he seeks to amend to add seven defendants who were previously identified as Doe defendants. Plaintiff also seeks leave to amend to add claims under state law for negligence and/or violation of Cal. Gov't Code § 845.6. The Court has reviewed the proposed third amended complaint and given the liberality of Rule 15, Plaintiff's motion shall be granted.[1] *Crowley v. Bannister*, __ F.3d __, __, No. 12-15804, 2013 WL 5813178, at *__ (9th Cir. Oct. 30, 2013).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking leave to file a third amended complaint, filed on May 28, 2013, is GRANTED;

2. The Clerk's Office shall file in the proposed third amended complaint;

3. Defendants Worth, Newton, Rodriquez, Vega, Monroy, Angulo, Madrid, and O'Brien shall file a response to the third amended complaint within **thirty (30) days** from the date of service of this order;[2]

---

[1] To the extent Plaintiff is attempting to state a separate claim for denial of due process, that claim fails as a matter of law and it is dismissed, with prejudice. If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted). In this instance, the Eighth Amendment specifically provides redress for the denial of adequate medical care.

[2] Defendant Alavara was never served and he was dismissed from the action pursuant to Federal Rule of Civil Procedure 4(m). While Defendants Howerton and Felton are still named as defendants in the third amended

4.      The pretrial dispositive motion deadline set for December 23, 2013, is vacated and an amended scheduling order setting new discovery and pretrial dispositive motion deadlines will be issued in due course; and

5.      By separate order, the United States Marshal will be directed to initiate service on Defendants J. L. Abraham, I. J. Alvarado, S. Chan, M. Garza, W. M. Ikeni, J. E. McCave, and I. G. Villa.

IT IS SO ORDERED.

  Dated:   **November 5, 2013**              **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE

---

28  complaint, Plaintiff's Eighth Amendment claims against them were previously dismissed, with prejudice, and those claims are omitted from the third amended complaint

3