# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON,<br><br>   Plaintiff,<br><br>   v.<br><br>R. HANSEN, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:10-cv-00759-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS AS BARRED BY STATUTE OF LIMITATIONS BE DENIED, WITHOUT PREJUDICE<br><br>(Docs. 62, 65, and 66)<br><br>FIFTEEN-DAY DEADLINE |

## I. Procedural History

Plaintiff Thomas John Carlson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2010. This action is proceeding on Plaintiff's third amended complaint, filed on November 6, 2013, against Defendants Worth, Newton, Rodriquez, Vega, Monroy, Angulo, Madrid, O'Brien, Abraham, Alvarado, Chan, Garza, Ikeni, McCave, and Villa ("Defendants").

On January 15, 2014, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Worth, Newton, Rodriquez, Vega, Monroy, Angulo, Madrid, O'Brien, Abraham, Alvarado, Chan, Garza, McCave, and Villa filed a motion to dismiss Plaintiff's state law claims as barred by the six-month statute of limitations set forth in California's Government Claims Act.[1]  (Doc. 62.)

---

[1] Defendant Ikeni filed a notice of joinder in the motion on May 13, 2014.  (Doc. 72.)

Plaintiff filed an opposition to the motion on February 19, 2014.  (Doc. 66.)  Defendants did not file a reply, and their motion to dismiss has been submitted upon the record without oral argument. Local Rule 230(*l*).  For the reasons which follow, the Court recommends the motion be denied, without prejudice.

**II.     Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Under the doctrine of incorporation by reference, a court may consider a document provided by the defendants which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim.  *Ritchie*, 342 F.3d at 908; *also Daniels-Hall*, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding

pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh*, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

**III.    Discussion**

    **A.    Parties' Positions**

On November 6, 2013, the Court granted Plaintiff's motion for leave to amend to add seven defendants previously identified as Doe defendants and to add state law claims for negligence and/or violation of Cal. Gov't Code § 845.6. In their motion, Defendants argue that Plaintiff failed to timely file suit, entitling them to dismissal of the state law claims. Defendants contend that although Plaintiff submitted a claim with the Victim Compensation and Government Claims Board ("Claims Board"), it was rejected on April 16, 2009, and Plaintiff failed to file suit until April 30, 2010, which was well beyond the six-month statute of limitations provided for in the Government Claims Act. (Doc. 62-2, Motion, Ex. 3.)

In opposition, Plaintiff argues that he is entitled to the application of equitable tolling during the period in which he was pursuing administrative remedies via the prison's inmate appeals process, and once that process was exhausted, he timely filed suit within six months. (Doc. 66, Opp., p. 1.) In support of his position, Plaintiff contends that he initiated three inmate

appeals, on September 11, 2008, September 29, 2008, and November 11, 2008; and the appeals were not exhausted until January 4, 2010.[2] (*Id.*)

### B. Findings

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Suit must then be commenced not later than six months after the date the written notice was deposited in the mail. Cal. Gov't Code § 945.6(a)(1) (quotation marks omitted); *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010); *Baines Pickwick Ltd. v. City of Los Angeles*, 72 Cal.App.4th 298, 303 (Cal. Ct. App. 1999).

However, California law also provides for equitable tolling during pursuit of administrative remedies. Equitable tolling "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, *McDonald*, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, *id.* at 101-03. Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic. *Id.* at 101 (quotation marks and citation omitted).

---

[2] The Court takes judicial notice of the Director's Level appeal decision dated January 4, 2010. (Doc. 1, Comp., court record pp. 201-203.)

Generally, the fact-specific determination of the applicability of equitable tolling is ill-suited to resolution on a motion to dismiss, *Pesnell v. Arsenault*, 543 F.3d 1038, 1042 (9th Cir. 2008); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993), and here, the only argument before the Court for consideration is whether Plaintiff's failure to file suit within six months from April 16, 2009, bars his state law claims.

Plaintiff filed suit on April 30, 2010, which is fewer than six months after he exhausted the prison's inmate appeal process. Given the availability of equitable tolling during administrative exhaustion, Defendants are not entitled to dismissal of Plaintiff's state law claims on the ground that he failed to file suit within six months of the date his claim was rejected by the Claims Board.

**IV.     Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on January 15, 2014, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **July 7, 2014**                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE