# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. HANSEN, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-00759-LJO-SKO (PC)<br><br>ORDER IMPOSING SERVICE COSTS ON DEFENDANT IKENI AND REQUIRING HIM TO REIMBURSE USM $136.16 WITHIN THIRTY DAYS<br><br>(Docs. 69, 75, and 76) |

    Plaintiff Thomas John Carlson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2010. This action is proceeding on Plaintiff's third amended complaint, filed on November 6, 2013, against Defendants Worth, Newton, Rodriquez, Vega, Monroy, Angulo, Madrid, O'Brien, Abraham, Alvarado, Chan, Garza, Ikeni, McCave, and Villa.

    On April 2, 2014, the United States Marshals Office, which was responsible for serving process on Plaintiff's behalf, 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), filed a request for reimbursement of the expenses incurred in effecting personal service on Defendant Ikeni, Fed. R. Civ. P. 4(d)(2)(a). (Doc. 68.) On July 8, 2014, the Court ordered Defendant Ikeni to show cause why the expenses for personal service should not be taxed against him, and he filed a response on July 23, 2014. (Docs. 75, 76.)

    Pursuant to the Federal Rules of Civil Procedure, individuals have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located

within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expense later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

Rule 4 imposes a duty to avoid unnecessary costs of service and while a defendant failing to waive service must be given the opportunity to show good cause for the failure, sufficient cause should be rare. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063-64 (9th Cir. 2005) (citing to Fed. R. Civ. P. 4 Advisory Committee note on 1993 amendments) (quotation marks omitted).  In this case, Defendant Ikeni received the waiver but failed to sign and return it, and on March 25, 2014, the United States Marshals Office executed personal service.  While there is no indication Defendant Ikeni acted in bad faith in disregarding the waiver, his misunderstanding regarding the import of the waiver does not constitute good cause for failing to waive service.  Fed. R. Civ. P. 4(d)(2)(A); *Estate of Darulis*, 401 F.3d at 1063-64.  (Doc. 76-1, Ikeni Dec., ¶¶4-6.)

Accordingly, the Court HEREBY ORDERS as follows:

1. The expenses incurred by the United States Marshals Office in effecting service are imposed against Defendant Ikeni;

2. Defendant Ikeni shall reimburse the United States Marshals Office **$136.16** within **thirty (30) days** from the date of service of this order;[1] and

3. The Clerk's Office shall serve a copy of this order on the Sacramento Division of the United States Marshals Office.

IT IS SO ORDERED.

Dated:   **September 11, 2014**          /s/ Sheila K. Oberto
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] United States Marshals Office, 501 I St., Ste. 5600, Sacramento, CA, 95814.