# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN CARLSON, | Case No. 1:10-cv-00759-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 83) |
| R. HANSEN, et al., | |
| Defendants. | |

Plaintiff Thomas John Carlson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2010. This action is proceeding on Plaintiff's third amended complaint, filed on November 6, 2013, against Defendants Worth, Newton, Rodriquez, Vega, Monroy, Angulo, Madrid, O'Brien, Abraham, Alvarado, Chan, Garza, Ikeni, McCave, and Villa.

On September 15, 2014, Plaintiff filed a motion seeking the appointment of counsel pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 1915(e)(1).

Section 3006A concerns the appointment of counsel in criminal proceedings and is inapplicable here.

Plaintiff does not have a constitutional right to the appointment of counsel in this civil rights action, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel

pursuant to section (e)(1), it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

   Dated:   **September 22, 2014**                      **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE